**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

VIVIAN VASSER,                                    :
                                                  :
         Plaintiff,                               :        Civil Action No.:      14-0185 (RC)
                                                  :
         v.                                       :        Re Document No.:       21
                                                  :
ROBERT MCDONALD, Secretary, United                :
States Department of Veterans Affairs,            :
                                                  :
         Defendant.                               :

## MEMORANDUM OPINION

### GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

## I.  INTRODUCTION

Vivian Vasser alleges that she was unlawfully discriminated and retaliated against when the Department of Veterans Affairs failed to promote her ten different times over the course of three years.  Although the details of each alleged failure-to-promote are unique, Defendant's motion hinges on just one attribute of Ms. Vasser's claims: their timing.  Defendant argues that Ms. Vasser did not administratively exhaust her claims because she failed to raise some of them to an Equal Employment Opportunity Counselor within the prescribed time.  Because Ms. Vasser indeed failed to timely raise many of the claims that she brings in this case, the Court must dismiss them.  The Court further dismisses Ms. Vasser's age-discrimination claims brought pursuant to the Age Discrimination in Employment Act and her retaliation claims for non-selections occurring prior to her participation in any protected activities, because she has conceded that she did not exhaust either category of claims.

## II.  FACTUAL BACKGROUND

### A.  Plaintiff's Second Amended Complaint

Plaintiff Vivian Vasser brings this action against Defendant Robert McDonald in his official capacity as Secretary of the United States Department of Veterans Affairs ("VA"), alleging that the VA unlawfully discriminated against her on the basis of race, sex, and age in connection with her employment.  *See* 2d Am. Compl. ("Compl.") ¶¶ 1, 4–5, ECF No. 19.  She specifically contends that her supervisors willfully refused to promote her to higher positions ten different times, in violation of Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA").  *Id.* ¶¶ 17–19, 30–48.  She also contends that the VA retaliated against her by not promoting her the same ten times.  *Id.* ¶¶ 59–60.

Of the ten alleged instances of unlawful failure to promote, the first five occurred in 2007 and 2008.[1]  *See id.* ¶¶ 17–18; *see also* Pl.'s Opp'n to Def.'s Renewed Partial Mot. Dismiss ("Pl.'s Opp'n to Mot. Dismiss") at 4–6, ECF No. 31.  In the first four cases, less-experienced candidates who were not black females were selected for the positions.  *See* Compl. ¶ 17.  In the fifth, Ms. Vasser alleges that after she was told by the interviewer that he would "recommend her selection" and that she should "begin looking for a residence," the VA informed her that the position was "cancelled."  *Id.* ¶ 18; *see also* Pl.'s Opp'n to Mot. Dismiss at 6–7.  After she was told of the cancellation in January 2009, the VA again announced that it was hiring for the position.  Compl. ¶ 18.  Ms. Vasser applied again for this position in May 2009.  *See id.* ¶ 21.

---

[1] They are, respectively, a 2007 Dallas, Texas Regional Manager position (07-B6-301); a 2007 Towson, Maryland Regional Manager position (08-048); a 2008 Bay Pines, Florida Regional Manager position (MPA 08-05); a 2008 St. Louis, Missouri Deputy Regional Manager position (MPA 2007-8515); and a 2008 Bay Pines, Florida Deputy Regional Manager position (MPA 08-351).  *See* Compl. ¶¶ 17–18.

The sixth alleged failure to promote was for Ms. Vasser's May 2009 re-application.[2]  *See id.* ¶ 21; *see also* Pl.'s Opp'n to Mot. Dismiss at 7–8.  Ms. Vasser alleges that in July 2009 a less-qualified white male was hired for the position.  *See* Compl. ¶ 22.  Then, in November 2009, Ms. Vasser "filed a formal complaint of discrimination for [that] non-selection."  *See id.* ¶¶ 21–29; *see also* Pl.'s Opp'n to Mot. Dismiss at 7–8.  The seventh alleged failure-to-promote[3] occurred "[i]n late 2010 to early 2011," after which a fellow applicant filed a separate lawsuit.  *See* Compl. ¶ 30.  "To this day, that vacancy has not been filled despite the presence of at least two qualified candidates," Ms. Vasser and the fellow applicant, who is "another African[-]American woman."  *Id.*; *see also* Pl.'s Opp'n to Mot. Dismiss at 9 (noting that as of September 23, 2015—the day the Opposition was filed—the position had still not been filled).  Ms. Vasser does not specifically contend that she contacted an Equal Employment Opportunity ("EEO") counselor or otherwise engaged the EEO process in connection with this alleged non-promotion.

The final three instances of alleged discrimination occurred from 2010 to 2011.  *See* Compl. ¶¶ 35–39, 47–48; *see also* Pl.'s Opp'n to Mot. Dismiss at 9–11.  The VA does not contend that Plaintiff failed to exhaust her administrative remedies for these three claims.  *See* P. & A. Supp. Def.'s Partial Mot. Dismiss ("Mot. Dismiss") at 11–12, ECF No. 21-1.  Plaintiff's Second Amended Complaint states that she "filed a charges [sic] of discrimination for these non-selection [sic] on the basis of race, gender[,] and in retaliation for filing her previous . . . complaints against" her supervisor, and that because it has been more than 180 days since she

---

[2] Ms. Vasser applied in response to a second posting for a Bay Pines, Florida Deputy Regional Manager position (2009-1996-AA).  *See* Compl. ¶ 18.

[3] The seventh posting occurred in 2011 and was for a Towson, Maryland Regional Manager Position (MP-037-410167).  *See* Compl. ¶ 30.

filed her "complaints of discrimination," she has "exhausted her administrative remedies for each of the non-selections since 2007."  Compl. ¶ 59.

In paragraph 60 of her Second Amended Complaint, Plaintiff further alleges that she has been targeted and retaliated against since the filing of this action.  *See* Compl.  ¶ 60.  She specifically alleges that because, in this lawsuit, she has asserted that her supervisor is "unqualified for the position," her supervisor has since "refused to grant leave . . ., subjected [Ms. Vasser] to hostile and abusive treatment[,] and threatened to down-grade[] her performance evaluation in retaliation" against Ms. Vasser's participation in protected activity.  *Id.*

## B.  Related Administrative Materials

In support of its Motion to Dismiss for failure to exhaust—which addresses only the first five and seventh alleged failures to promote—Defendant relies heavily on materials not included as part of the Second Amended Complaint.  *See* Mot. Dismiss at 8–9 (arguing that the Court should take such materials into account at the motion-to-dismiss stage).  Plaintiff argues that "[i]n relying on material outside of the pleadings, defendant has converted its motion to dismiss into a motion for summary judgment," and urges the Court not to consider any related administrative materials.  Pl.'s Opp'n to Mot. Dismiss at 13–14.

In support of its Motion to Dismiss with respect to the first five alleged unlawful failures to promote—which allegedly occurred from 2007 to 2008—the VA attaches 15 exhibits, all of which are administrative materials.  Most importantly for this motion, Defendant cites to Plaintiff's EEO complaint, dated February 17, 2010, and a final decision by the Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication.  *See* Final Agency Decision in *Vasser v. Secretary*, VA Case Nos. 200I-153A-2010100557 & 200I-0010-

2011104729 ("Final Agency Decision"), Mot. Dismiss Ex. 11 at 3, ECF No. 21-4;[4] Complaint of

Employment Discrimination, No. 200I-153A-2010100557 ("February 2010 Administrative

Compl."), Mot. Dismiss. Ex. 13, ECF No. 21-5.  Plaintiff's first administrative complaint alleged

non-selection for the sixth non-promotion listed in the Complaint.  *See* February 2010

Administrative Compl. at 21.[5]  In a portion of the administrative complaint for complainants to

list their "[c]laim(s)," Ms. Vasser listed only the sixth alleged non-promotion, which she stated

"occurre[d]" "10/30/09[,] when [she] found out that some one [sic] else was selected."  *See id.* at

20.  She lists the previous five positions in her complaint as background information, and to

establish that the VA had, "in the last [two-and-a-half] to three years . . . demonstrated a

common practice" of discriminatory hiring practices.  *See id.* at 21–22.

The VA's Final Agency Decision concurs with the findings of the VA's Office of

Resolution Management, concluding that, because Ms. Vasser's February 2010 administrative

complaint was in-part untimely given that she had not initiated the administrative process within

45 days, "it [was] the final decision of the Department to dismiss claim[s] . . . relating to the non-

selections occurring . . . [on or before] January 9, 2009."  *See* Final Agency Decision at 3.  The

Final Agency Decision noted that Ms. Vasser did not deny failing to contact an EEO counselor

within 45 days of her first-five alleged non-selections, and that the first time she mentioned them

was in her February 2010 administrative complaint.  *See id.* at 2–3.  Ms. Vasser, citing to an

EEO counselor's report, *see* Pl.'s Opp'n to Mot. Dismiss Ex. B, ECF No. 31-2, contends that she

actually first mentioned them during her initial interview "on November 10, 2009."  *See* Pl.'s

---

[4] Defendant appends multiple exhibits in each of its related ECF attachments, but sub-divides and numbers them using exhibit stickers.  The Court identifies Defense exhibits by referring to Defendant's numbering.

[5] The Court cites to the page numbers at the bottom of Exhibit 13, which start at 20 and end at 23.

Opp'n to Mot. Dismiss at 4–6 (adding, at the end of each description of the alleged non-promotions, that she "first raised th[e] issue[s]" with an EEO counselor on that date).  Like in her formal complaint, Ms. Vasser mentioned the previous non-promotions as background supporting her belief that she had been discriminated against.  *See* Pl.'s Opp'n to Mot. Dismiss Ex. B at 3. Ms. Vasser also contends that she was on active duty from May 2009 until July 2010.  *See* Pl.'s Opp'n to Mot. Dismiss at 4–6; *id.* Ex. A.

As for the seventh alleged failure to promote, which occurred in late 2010 or early 2011, Defendant makes general reference to Plaintiff's "two pending EEO complaints," reasoning that because neither of them contains allegations of this particular instance of non-selection, Plaintiff did not exhaust her available administrative remedies for it.  *See* Mot. Dismiss at 11–12; *see generally* February 2010 Administrative Compl.; Complaint of Employment Discrimination, No. 200I-0010-201104729 ("December 2011 Administrative Compl."), Mot. Dismiss. Ex. 9, ECF No. 21-4.  In her December 2011 Complaint, Ms. Vasser raised five separate claims, none of which were for the seventh alleged failure-to-promote.  *See* December 2011 Administrative Compl. at 21–23.[6]  The only reference that Ms. Vasser made to this position was in her December 2011 complaint, when she said that she wanted the non-promotion to be "used as evidence and claims to support [her] current claims."  *See id.* at 24; Compl. ¶ 30 (describing the position that Plaintiff referenced in the December 2011 complaint).

### III.  ANALYSIS

The VA moves to dismiss on the grounds that Plaintiff did not exhaust her administrative remedies.  *See generally* Mot. Dismiss.  The VA first argues that Plaintiff did not engage the

---

[6] The Court cites to the page numbers at the bottom of Exhibit 9, which start at 20 and end at 25.

administrative process for the first five alleged non-promotions—which allegedly occurred in 2007 and 2008—until over a year after they occurred, when Plaintiff was required to contact an EEO counselor within 45 days of the discrimination or personnel action. *See id.* at 9–11. The VA also argues that, to the extent Ms. Vasser raised additional claims for a hostile work environment in her Second Amended Complaint, those claims are wholly unexhausted. *See id.* at 12. Next, Defendant moves to dismiss Plaintiff's claims under the ADEA, arguing that Plaintiff never raised them in either of her two administrative complaints. *See id.* at 13–14. Finally, the VA argues that because Ms. Vasser did not engage in any protected activity until November 2009, she could not have been illegally retaliated against when she was allegedly not promoted the first six times, which all occurred prior to the time she first engaged in protected activity. *See id.* at 14–15.

Ms. Vasser claims that the VA's reliance on materials outside the Second Amended Complaint requires the Court to convert the Motion to Dismiss into a motion for summary judgment, requiring denial of the motion as prematurely filed. *See* Pl.'s Opp'n to Mot. Dismiss at 13–15. Even if the Court does consider such materials, Plaintiff argues, the Motion should still be denied with respect to the alleged discrimination claims because the "the timeliness provisions . . . are . . . subject to enlargement, waiver[,] and equitable tolling," particularly in cases where there is an alleged pattern of unlawful behavior. *See id.* at 16–17. And, she argues, the forty-five day limit is not triggered until all facts that support a charge of discrimination become apparent, and certain active duty military-service time is excluded from the calculation. *See id.* at 17. Plaintiff further argues that she has plausibly alleged that Defendant has obscured the hiring processes in an effort to "thwart[] [her] efforts to seek redress," apparently through not notifying her of the non-selections and otherwise making the EEO process inaccessible. *See id.*

at 18–19.  As for the new hostile work environment claims, she argues that raising such claims for the first time before the Court is justified because these retaliatory hostile work environment claims are reasonably related to her exhausted non-selection claims.  *See id.* at 20.  With respect to her ADEA and first six alleged instances of retaliation, Plaintiff consents to dismissal, implicitly conceding the VA's argument that these claims have not been administratively exhausted.  *See id.* at 20 n.2.

The Court finds that it may take judicial notice of enough materials to resolve this motion without the need to convert it to one for summary judgment.  Because Ms. Vasser did not timely exhaust her administrative remedies with respect to her first five claims of non-promotion and does not demonstrate that equitable tolling should apply, the Court will dismiss Ms. Vasser's Title VII discrimination claims for the first five alleged failures-to-promote.  And, because Ms. Vasser did not raise the seventh alleged non-promotion at any point, the Court dismisses it as well.  The Court further dismisses the new hostile work environment claim that Plaintiff raises for the first time in her Second Amended Complaint because it is neither exhausted nor related to any freestanding claim that has been exhausted.  In light of Plaintiff's consent to dismiss her ADEA and first six retaliation claims, following this order Plaintiff is left with only her sixth, eighth, ninth, and tenth Title VII discrimination claims for non-selection and her seventh,[7] eighth, ninth, and tenth Title VII retaliation claims.

---

[7] The Court notes that, although Defendant does not move for dismissal of Plaintiff's seventh instance of alleged retaliation, the reasoning behind dismissing the same claim for discrimination appears to apply equally to retaliation.

## A.  Standard of Review

Both parties agree that the rules for Rule 12(b)(6) motions to dismiss apply here.[8]  *See*

Mot. Dismiss at 7–8; Pl.'s Opp'n to Mot. Dismiss at 14.  The parties are correct that the motion-

to-dismiss standard governs motions to dismiss for failure to exhaust administrative remedies

under Title VII and the ADEA.  *See Laughlin v. Holder*, 923 F. Supp. 2d 204, 208 (D.D.C.

2013).  To survive such a motion a complaint must contain sufficient factual allegations that, if

accepted as true, would state a plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  *Id.*  Instead, plaintiffs must "nudge[] their claims across the line

from conceivable to plausible."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider the facts alleged

in the complaint, documents attached as exhibits or incorporated by reference in the complaint,

or documents upon which the plaintiff's complaint necessarily relies even if the document is

produced not by the parties."  *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 133–34 (D.D.C.

2013) (internal citations and quotation marks omitted).  "[A] document need not be mentioned

by name to be considered 'referred to' or 'incorporated by reference' into the complaint."

*Strumsky v. Wash. Post Co.*, 842 F. Supp. 2d 215, 218 (D.D.C. 2012) (internal citation omitted).

Of course, courts may also take "judicial notice of facts on the public record . . . to avoid

unnecessary proceedings when an undisputed fact on the public record makes it clear that the

plaintiff does not state a claim upon which relief could be granted."  *See Covad Commc'ns Co. v.*

---

[8] This assumes, of course, that the Court does not find it appropriate to convert the
Motion into one for summary judgment.

*Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (quoting *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1228 (D.C. Cir. 1993) (Mikva, C.J., dissenting)).

Failure to exhaust administrative remedies is an affirmative defense.  *See Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1058 n.3 (D.C. Cir. 1988) (MacKinnon, J., concurring) (citing *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985)); *see also Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) ("Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it." (citing *Brown*, 777 F.2d at 13)).  Defendants can meet their burden of pleading and proving a failure to exhaust at the motion-to-dismiss stage by using the pleadings and undisputed documents in the record.  *See Bowden*, 106 F.3d at 437.

## B.  Conversion into a Motion for Summary Judgment

Ms. Vasser claims that because Defendant's exhaustion arguments are predicated upon materials outside the Second Amended Complaint, the Court must treat the motion as one for summary judgment, entitling her to discovery not yet had.  *See* Pl.'s Opp'n to Mot. Dismiss at 13–15.  She explicitly "does not concede that the Reports of Investigation to which [D]efendant relies are 'incorporated' into her complaint," and does not view the taking of judicial notice of such materials as appropriate in this case.  *See id.* at 14.  Ms. Vasser believes that discovery is necessary on the exhaustion issues "particularly in light of [D]efendant's refusal to produce at the administrative level documents, including the OIG report, relating to [her supervisor]'s illegal practice of manipulating . . . hiring procedures."  *Id.*  She also believes that discovery might show that employees of the VA impeded her access to the EEO process.  *See id.* at 15.  Plaintiff does not contend that the documents are not authentic.  *See generally id.*  The VA argues that the necessary administrative documents are incorporated in Plaintiff's complaint by

reference and, because they are publicly available, the Court can take judicial notice of them. *See* Mot. Dismiss at 8–9.

In general, if the Court relies on materials other than those permitted to be considered on motion to dismiss—namely, the facts alleged in the complaint, documents attached as exhibits or incorporated by reference, documents upon which the plaintiff's complaint necessarily relies, and facts of which the Court may take judicial notice—"it converts the motion to one for summary judgment." *See Void v. Smoot*, No. 16-0078, 2016 WL 6459554, at *5 (D.D.C. Oct. 31, 2016), *appeal docketed*, No. 16-5367 (D.C. Cir. Dec. 8, 2016). In the context of exhaustion, courts are willing to rely upon administrative orders and administrative complaints without converting the motion into one for summary judgment when the documents are "referred to in the complaint, . . . are integral to [the plaintiff's] exhaustion of administrative remedies, and are public records subject to judicial notice." *See Laughlin*, 923 F. Supp. 2d at 209. "[C]ourts may take judicial notice of matters of a general public nature . . . without converting the motion to dismiss into one for summary judgment." *Koutny v. Martin*, 530 F. Supp. 2d 84, 89 (D.D.C. 2007) (quoting *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001)). Thus, courts have taken judicial notice of public administrative charges, *see, e.g.*, *Wiley v. NEBF Investments*, No. 09-0223, 2010 WL 114953, at *1 (D.D.C. Jan. 12, 2010), and parties' administrative complaints when no party disputes their authenticity. *See Ahuja v. Detica Inc.*, 742 F. Supp. 2d 96, 103 (D.D.C. 2010); *Redmon v. U.S. Capitol Police*, 80 F. Supp. 3d 79, 83 (D.D.C. 2015). If courts could not take judicial notice of such public documents, plaintiffs who obviously had not complied with the administrative-exhaustion process could survive motions to dismiss purely by failing to attach their administrative complaint. *Redmon* 80 F. Supp. 3d at 84 (D.D.C. 2015) (quoting *Strumsky*, 842 F. Supp. 2d at 218).

11

In light of "the abundance of caution" courts observe before relying on materials outside the pleadings, at least one court in this district has found that "the Court, in addition to the pleadings, 'may *only* consider [the] [p]laintiff's EEOC Complaint and Notice of Charge . . . without converting . . . motions to dismiss.'" *See Latson v. Holder*, 82 F. Supp. 3d 377, 386 (D.D.C. 2015) (alterations other than emphasis and second ellipsis in original) (emphasis added) (quoting *Ahuja*, 742 F. Supp. 2d at 103) (concluding that because "both parties rel[ied] on other documents, such as emails," the court was required to convert the motion).  However, the case the *Latson* court referred to did not actually seem to set out a rule restricting courts to EEOC complaints and notices of charges.  There, the court considered five exhibits attached to motion-to-dismiss filings.  *See Ahuja*, 742 F. Supp. 2d at 103.  Immediately after referencing the five exhibits, that court stated: "The Court, however, may only consider Plaintiff's EEOC Complaint and Notice of Charge . . . without converting the motions to dismiss . . . ."  *See id.*  The *Ahuja* court was simply separating out the sole permissible exhibit—which was indeed an EEOC complaint and notice of charge—from the broader group of five exhibits, not stating that *only* those documents could be considered in any given situation.  *See id.*  Notably, the four excluded exhibits were an Employment Intake Questionnaire—which was used to formulate the plaintiff's EEOC complaint—and several e-mails.  *See* Mot. Dismiss Ex. 1, *Ahuja v. Detica Inc.*, 742 F. Supp. 2d 96 (D.D.C. 2010) (No. 09-2246), ECF No. 4-1; Opp'n to Mot. Dismiss Exs. 1–4, *Ahuja v. Detica Inc.*, 742 F. Supp. 2d 96 (D.D.C. 2010) (No. 09-2246), ECF Nos. 9-1–9-7.

Despite the *Latson* court's restrictive view of judicial notice with respect to administrative documents, courts have taken judicial notice of Final Agency Decisions, especially for background information such as dates of filings.  *See Grant v. Dep't of Treasury*, --- F. Supp. 3d ---, No. 15-1008, 2016 WL 3365388, at *2 n.2 (D.D.C. June 16, 2016)

("[T]he Administrative Judge's Initial Decision, Treasury's Final Agency Decision, and [the Merit Systems Protection Board]'s Final Order are official, public documents subject to judicial notice."); *Gen. Cas. v. United States Gov't*, No. 13-5596, 2014 WL 2198487, at *4 (N.D. Ill. May 27, 2014), *reconsideration denied*, 2014 WL 4269096 (N.D. Ill. Aug. 28, 2014) (taking judicial notice of a civil docket, "permit[ing] the [c]ourt to consider the date on which Plaintiff filed its complaint and the fact of its voluntary dismissal"); *Byers v. Principi*, 2003 WL 1811529, at *2 n.1 (N.D. Ill. Apr. 4, 2003) ("taking judicial notice of a letter constituting the Final Agency Decision of the Department of Veteran Affairs and, especially, the date of that decision, to determine if the plaintiff ran afoul of the statute of limitations after exhausting administrative remedies," *see Gen. Cas.*, 2014 WL 4269096 at *4).

Plaintiff may be correct that most of Defendant's exhibits cannot be considered at this stage without converting the motion, but the Court will consider Ms. Vasser's administrative complaints—both informal as written by the EEO counselor during her initial interview and formal as written by Ms. Vasser—and the VA's Final Agency Decision insofar as it describes the timing of Ms. Vasser's interactions with the administrative process. This does not require conversion of the VA's Motion to Dismiss into a motion for summary judgment. Ms. Vasser's administrative complaints are incorporated by reference in her complaint. She specifically states that she "filed . . . charges of discrimination for these non-selection[s]," and that "[i]t has been more than 180 days since [she] filed her complaints . . . and has, therefore, exhausted her administrative remedies." Compl. ¶ 59. Even if she had not, the Court would be on sound legal footing to take judicial notice of the administrative complaints at this stage, particularly because Ms. Vasser does not dispute their authenticity. *See Ahuja*, 742 F. Supp. 2d at 103; *Redmon*, 80 F. Supp. 3d at 83. To ignore an administrative complaint undisputedly filed by the plaintiff

herself—for the purposes of determining what claims were made and when they were raised—

would be to create unnecessary proceedings, against this circuit's mandate in *Covad*

*Communications Co.*, 407 F.3d at 1222.

The Court takes judicial notice of the VA Final Agency Decision's description of the

dates on which Plaintiff engaged the administrative process.  This is in line with this district's

case law and the case law in other districts.  *See Grant*, --- F. Supp. 3d ---, 2016 WL 3365388, at

*2 n.2; *Gen. Cas. v. United States Gov't*, 2014 WL 2198487, at *4.  It also makes sense in light

of the broader purpose of judicial notice: if the Court cannot take notice of the dates of

administrative filings using documents whose authenticity is not in question, it will be forced to

engage in "unnecessary proceedings" to determine whether "an undisputed fact on the public

record makes it clear that the plaintiff does not state a claim upon which relief could be

granted."[9]  *See Covad Commc'ns Co.*, 407 F.3d at 1222 (quoting *Marshall Cty. Health Care*

*Auth.*, 988 F.2d at 1228 (Mikva, C.J., dissenting)).

---

[9] Notably, even if the Court were to treat this motion as one for summary judgment, the Court would likely still be able to resolve it.  In responding to a motion for summary judgment, a party may not simply rest on the assertions in its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).  However, under Federal Rule of Civil Procedure 56(d) ("When Facts Are Unavailable to the Nonmovant"), an opposing party may "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  It is appropriate for the Court to rule on the merits of a converted motion for summary judgment when "(1) the evidence submitted is sufficiently comprehensive to conclude that further discovery would be unnecessary; and (2) the non-moving party has not been unfairly disadvantaged by being unable to access the sources of proof necessary to create a genuine issue of material fact." *Ryan-White v. Blank*, 922 F. Supp. 2d 19, 24 (D.D.C. 2013); *see also Rosier v. Holder*, 833 F. Supp. 2d 1, 5 (D.D.C. 2011) (treating a motion as one for summary judgment because "both parties refer[red] to documents outside of the complaint and there [was] nothing in the record . . . indicat[ing that] the parties did not have a reasonable opportunity to present all pertinent material").  Plaintiff has failed to articulate what further discovery would be necessary to oppose Defendant's motion in compliance with Rule 56(d).  This may be because it would be impossible to do so: at the time that she filed her opposition, Plaintiff had almost a year's time to conduct discovery.  *Compare* Pl.'s Opp'n to Mot. Dismiss at 21 (dated September 23, 2015), *with* Scheduling Order, ECF No.

### C. Exhaustion

The VA claims that Plaintiff failed to exhaust her administrative remedies for several of the alleged non-promotions. *See generally* Mot. Dismiss.  In Title VII cases, when a federal employee believes she has been discriminated against, she must contact an EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective dates of the action," so that they can try to resolve the matter informally.  *See* 29 C.F.R. § 1614.105(a)(1).  If the parties are unable to resolve the issue informally, the aggrieved person may file a formal administrative complaint within 15 days of receiving notice of her right to do so from the EEO counselor.  *See id.* § 1614.105(d).  "A complainant may amend [such] a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint."  *Id.* § 1614.106(d).  Within 90 days of receiving a final decision or after the formal administrative complaint has been pending for 180 days, the complainant may file a civil action in federal court. 42 U.S.C. § 2000e-16(c).

"[C]ourts may treat otherwise untimely complaints as timely if the employee 'did not know and reasonably should not have known that the discriminatory matter or personnel action occurred.'"  *Hairston v. Tapella*, 664 F. Supp. 2d 106, 114 (D.D.C. 2009) (quoting 29 C.F.R. § 1614.105(a)(2)); *see also Adesalu v. Copps*, 606 F. Supp. 2d 97, 101–02 (D.D.C. 2009) ("if plaintiff 'knew or should have known' of the non-promotion decisions before . . . 45 days prior to this initial contact, they are time-barred." (citation omitted)).  This is so because "[a]n overly

---

17 (dated November 21, 2014).  As of the time of this Opinion, she has had even longer. Moreover, Plaintiff has submitted exhibits of her own in her opposition to the motion. *See generally* Pl.'s Opp'n to Mot. Dismiss.  Although the Court need not treat Defendant's Motion as one for summary judgment, it likely could without changing its conclusions.

technical approach would improperly impede the goal of making federal employment free from proscribed discrimination." *Loe v. Heckler*, 768 F.2d 409, 417 (D.C. Cir. 1985); *accord Hairston*, 664 F. Supp. 2d at 114.  However, "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579–80 (D.C. Cir. 1998) (*Mondy*, 845 F.2d at 1058 n.3).

It is the burden of the party seeking equitable tolling to prove "reasons that would support . . . tolling of the 45-day time limit." *Harris v. Gonzales*, 488 F.3d 442, 444 (D.C. Cir. 2007) (quoting *Harris v. Att'y Gen. of the U.S.*, 400 F. Supp. 2d 24, 26 (D.D.C. 2005)).  In the context of allegations that the defendant blocked access to the administrative process, "to successfully assert equitable estoppel, [the plaintiff] must demonstrate that he was diligent and must point to 'active steps' the defendant took to prevent the plaintiff from making a timely filing." *Cristwell v. Veneman*, 224 F. Supp. 2d 54, 60 (D.D.C. 2002) ("For a plaintiff to successfully assert equitable estoppel, when it is alleged that an untimely filing was a result of conduct by the defendant, the plaintiff must be able to point to some type of "affirmative misconduct" or misleading information regarding the filing deadline by the defendant.").  In *Hairston v. Tapella*, at the summary-judgment stage, the court found that the plaintiff, after having been told by an EEO counselor that he needed more evidence of discrimination aside from the non-selection itself, "could have reasonably believed that . . . he needed to wait to assert any other grievance about any non-promotion until he knew who had been hired for the position." *See* 664 F. Supp. 2d at 114.

1.  Discrimination Claims

*a.  Positions 1–5*

The VA claims that Plaintiff did not timely exhaust her administrative remedies with respect to the alleged non-selections occurring from 2007 to 2008.  *See* Mot. Dismiss at 9–11. The VA specifically argues that Ms. Vasser knew about her non-selection for these positions for years, yet did not file a formal administrative complaint until over a year later.  *See id.* at 11. Plaintiff responds that she did not have a reasonable suspicion that discrimination had occurred with respect to the non-selections until well after the non-selections themselves, that Defendant may have obstructed her access to the EEO process, and that she was on active duty during portions of the time between non-selection and her initial contact with the administrative process. *See* Pl.'s Opp'n to Mot. Dismiss at 17–18.

As noted above, the administrative timeline in the case of personnel action begins on "the effective date of the action."  *See* 29 C.F.R. § 1614.105(a)(1); *Mier v. Owens*, 57 F.3d 747, 749 (9th Cir. 1995) (in the context of Title VII, classifying promotion as a "personnel action[]"). Here, the dates of the "personnel actions"—within 45 days of which the plaintiff must notify an EEO counselor—are the dates when other candidates are officially promoted.  *See Jakubiak v. Perry*, 101 F.3d 23, 26–27 (4th Cir. 1996) (reasoning that "to determine when the 45-day time period begins, 29 C.F.R. § 1614.105(a)(1) expressly distinguishes cases involving personnel actions from other cases involving allegations of discrimination," and concluding that, in the context of an alleged non-appointment, the plaintiff must contact an EEO counselor within 45 days of the appointment of another candidate); *accord Harris*, 488 F.3d at 444–45 (citing *Jakubiak* for the proposition that the regulation's terms are "mandatory"); *see also Greer v. Paulson*, 505 F.3d 1306, 1316 (D.C. Cir. 2007) (finding a failure to exhaust because the plaintiff

"offered no evidence that she had met with an EEO counselor within 45 days *of the termination of her employment*" (emphasis added)); *Green v. Donahoe*, 760 F.3d 1135, 1144 n.3 (10th Cir. 2014) ("[W]e have no doubt that [the phrase "personnel action"] must refer to the acts of the employer, not the employee . . . ."), *vacated and remanded on other grounds sub nom.*, *Green v. Brennan*, 136 S. Ct. 1769 (2016); *Hairston*, 664 F. Supp. 2d at 114; *Armmstrong v. Jackson*, No. 05-0075, 2006 WL 2024975, at *1, *4 (D.D.C. July 17, 2006) (finding that a failure-to-hire the plaintiff occurred on the date when the "offers of employment were formally extended").   Under the text of the regulation, it does not matter whether the employee received notice of the non-selection, or knew that another person was selected.  *See Jakubiak* 101 F.3d at 26–27 (rejecting such an argument because "the regulation explicitly provides that the 45-day clock runs from the 'effective date of the action'" (quoting 29 C.F.R. § 1614.105(a)(1))).  It is certainly not sufficient for the plaintiff to notify an EEO counselor within 45 days of "apprehend[ing] that an adverse employment decision was motivated by a discriminatory purpose."  *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992); *accord Miller v. Hersman*, 594 F.3d 8, 12 (D.C. Cir. 2010) (citing *Pacheco* favorably in the context of the 45-day rule).

Courts are open to tolling that timeframe until when the complainant had reason to know the identity of the person receiving the promotion.  *See, e.g.*, *Hairston*, 664 F. Supp. 2d at 114. However, such equitable tolling only applies when "despite all due diligence, a plaintiff is unable to discover *essential* information bearing on the existence of his claim," which does not include details about the decision-making process.  *Pacheco*, 966 F.2d at 906–07 (emphasis added) (also noting that "[t]he doctrine of equitable tolling has it limits," including "[t]he requirement of diligent inquiry [that] imposes an affirmative duty on the potential plaintiff").  The party seeking equitable tolling bears "the burden of pleading and proving in the district court 'equitable

reasons' for noncompliance with the [forty-five] day requirement." *Bayer v. U.S. Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992) (quoting *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982)).

As shown by Plaintiff's inability to cite any court case, *see* Pl.'s Opp'n to Mot. Dismiss at 17, courts have not created a *sui generis* tolling rule for plaintiffs on active military duty. However, the EEOC has, under certain circumstances, tolled the relevant administrative deadlines for complainants on active duty. *See, e.g.*, *Clark v. Chertoff*, EEOC Appeal No. 0120065245, 2008 WL 2951641. Regardless of whether such a rule applies in the federal courts, the burden is on the plaintiff to establish that such an exception applies. *See Harris v. Gonzalez*, 488 F.3d at 444 (quoting *Harris v. Att'y Gen.*, 400 F. Supp. 2d at 26).

Plaintiff's complaint before the Court, along with her administrative complaints and portions of the VA's Final Agency Decision, show that Ms. Vasser did not timely initiate contact with an EEO counselor for her first five alleged non-promotions. The fifth alleged non-promotion—the chronologically latest[10] of the five—occurred when Ms. Vasser was notified that the position was cancelled in January, 2009.[11] *See* Compl. ¶ 18; *see also* Pl.'s Opp'n to Mot.

---

[10] The VA's Final Agency Decision confirms that the personnel actions occurred before January 2009. *See* Final Agency Decision at 2. Specifically, Ms. Vasser alleged that she was "discriminated against . . . when she was not selected" in July 2008 for the second and third non-promotions, June 2008 for the fourth, and January 2009 for the fifth. *See id.* Although the Final Agency Decision notes that Ms. Vasser did not remember the exact date that she was notified that she was not selected for the first non-promotion, *see id.*, the Complaint shows that the selection for the first position occurred before the selection for the second. *See* Compl. ¶ 17 (describing the first alleged non-selection, then, in describing the second, stating that "Ms. Vasser was *again* not selected" (emphasis added)). Because someone else was formally promoted long before she first contacted an EEO counselor, it does not matter that she could not specifically recall when she was notified of her non-selection.

[11] Although Ms. Vasser's complaint does not specifically indicate when she was *notified* about the first-four non-promotions, she does not contend that the VA failed to notify her of the non-selections within a reasonable time. *See* Compl.; Pl.'s Opp'n to Mot. Dismiss at 15–17.

Dismiss at 6; Final Agency Decision at 2.[12]  Because it does not matter under *Jakubiak v. Perry*

and *Pacheco v. Rice* whether Ms. Vasser learned the motivation behind the non-promotions until

a later time, the administrative clock began ticking in January 2009.  The first time that Ms.

Vasser contacted an EEO counselor about the alleged non-promotions—by her own admission—

was in November, 2009.  *See* Pl.'s Opp'n to Mot. Dismiss at 4–6; *see generally* Final Agency

Decision (procedurally dismissing certain claims because Plaintiff had not initiated any

administrative actions for these claims prior to 2010).  Although the Court queries whether Ms.

Vasser actually raised the non-selections with the EEO counselor in a meaningful way, *see* Pl.'s

Opp'n to Mot. Dismiss Ex. B (mentioning the previous instances as background information in

her informal complaint); Final Agency Decision at 3 (noting that Ms. Vasser first raised these

claims on February 17, 2010), treating November 10, 2009 as the earliest possible time she

raised these claims suffices to resolve the issues here.  Because Ms. Vasser was required to

contact an EEO counselor within 45 days of the alleged non-promotions and she did not do so

---

And, as explained below, even if she did not receive reasonably prompt notice, the over 15 months' time that elapsed between the non-selection and her initial contact with an EEO counselor, *see* Final Agency Decision at 2, shows that she did not exercise the reasonable diligence required to benefit from equitable tolling.

[12] The Court does not suggest that the fifth alleged failure to promote is not probative on the sixth alleged failure to promote, which was for the same position.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.  Nor does the statute bar an employee from using the prior acts as background evidence to support a timely claim.").  To the extent that Ms. Vasser claims that the cancellation of the position itself constituted a non-promotion, however, her initial EEO contact was untimely.

until ten months later at the earliest, she did not timely exhaust her claims with respect to positions one through five.[13]

None of Ms. Vasser's claims justify tolling the 45-day requirement here. First, under cases like *Hairston*, *Pacheco*, and *Miller*, Ms. Vasser would only be entitled to equitable tolling if she could show that, despite "all due diligence," she was "unable to discover essential information" about the claim, *see Pacheco*, 966 F.2d at 906–07, which here would be the identities of the candidates ultimately promoted. According to her complaint, Ms. Vasser knew—or, at the very least, had reason to know—that the positions were filled by others (or cancelled) by January 2009. *See* Compl. ¶¶ 17–18. Ms. Vasser knew about the fifth non-promotion in January 2009. *See* Compl. ¶ 18. She does not contend that the VA failed to notify her of the first-four non-promotions within a reasonable time after they were made. *See* Compl.; Pl.'s Opp'n to Mot. Dismiss at 15–17. And even if she never received notice, at least 15 months passed between each of the first-four non-promotions and her initial contact with an EEO counselor. *See* Final Agency Decision at 2–3. Thus, because Ms. Vasser has not made any showing of diligence that can account for her delay in contacting an EEO counselor, she is not entitled to equitable tolling.

Second, Plaintiff's vague claims that discovery could show that nefarious actors purposefully obstructed her access to the EEO process do not satisfy the requirement that she "demonstrate that [s]he was diligent and . . . point to 'active steps' the defendant took to prevent [her] from making a timely filing." *Cristwell*, 224 F. Supp. 2d at 60. Plaintiff's memorandum in

---

[13] To be clear, the first five non-promotions are the 2007 Dallas, Texas Regional Manager position (07-B6-301); the 2007 Towson, Maryland Regional Manager position (08-048); the 2008 Bay Pines, Florida Regional Manager position (MPA 08-05); the 2008 St. Louis, Missouri Deputy Regional Manager position (MPA 2007-8515); and the 2008 Bay Pines, Florida Deputy Regional Manager position (MPA 08-351). *See* Compl. ¶¶ 17–18.

opposition to the motion states that the VA's alleged discrimination "raises questions whether it engaged in misconduct that impeded Ms. Vasser's ability to exercise her EEO rights," but stops short of citing any concrete example that prevented her from contacting an EEO counselor. Pl.'s Opp'n to Mot. Dismiss at 15. Hinting at possible "questions" about the VA's conduct falls far short of "demonstrat[ing]" that anyone took active steps to prevent her filings. Plaintiff further maintains that Defendant's refusal to produce certain documents during discovery further shows that the VA may have worked to prevent her from accessing the administrative process. *See id.* at 15. However, had Ms. Vasser been "diligent" any actions taken by the VA that kept her from contacting an EEO counselor would be completely within her control; if something impeded her access to an EEO counselor she has the power to affirmatively allege it in her complaint.

Finally, assuming without deciding that the administrative deadlines are tolled during periods of active duty, Ms. Vasser still did not initiate contact with an EEO counselor within 45 days of the alleged non-promotions. Ms. Vasser's active-duty argument would only support this action if the Court recognized tolling to some point after January 2009. [14] Given that the personnel actions took effect, at the latest, in January 2009, Ms. Vasser's active-duty period beginning on May 1, 2009 started well after expiration of the 45-day administrative deadline.

---

[14] Notably, the VA has provided evidence that Ms. Vasser pursued, at least in part, her EEO cases during her active duty. *See* Def.'s Reply Supp. Mot. Dismiss at 5, ECF No. 34; Pl.'s Opp'n to Mot. Dismiss at 6, 18, 19 (showing that Ms. Vasser contacted EEO counselors during her time on active duty). Plaintiff invokes an equitable principle—upon which the plaintiff has the burden of proof—but has submitted no evidence that her active-duty status prevented her from pursuing her claims. Without deciding whether active-duty tolling is a colorable argument in federal court, the Court notes that, even if it were, it almost certainly would not apply here.

Accordingly, the portions of Plaintiff's Second Amended Complaint seeking redress for the failures-to-promote occurring before January 2009 will be dismissed because those claims were not administratively exhausted.

*b. Position 7*

The Court next addresses the VA's argument that Ms. Vasser "utterly failed to ever file an administrative claim" for the seventh alleged non-selection.[15]  *See* Mot. Dismiss at 12.  The VA further notes that Plaintiff was "clearly on notice of [the] requirement[]" to exhaust administrative remedies, and only alleges in her complaint that a separate applicant filed suit over the same non-selection.  *See id.*  Ms. Vasser counters that she has not received "any notification one way or the other about the status of her candidacy," and that "to this day [the] vacancy has [not] been filled, closed, returned, vacated[,] or otherwise disposed of after five years."  *See* Pl.'s Opp'n to Mot. Dismiss at 18.  She maintains that failing to fill the position is inconsistent with the VA's promotion policies and justifies an inference that the position has been intentionally left open "to thwart Ms. Vasser's efforts to seek redress."  *Id.*  Finally, she states that she did indeed include this promotion announcement "alongside her 2011 administrative complaints."  *See id.*  The VA responds to Plaintiff's final contention by noting that the only reference made to the position in her 2011 complaint was in passing, to be used as evidence to support her other claims.  *See* Def.'s Reply Supp. Mot. Dismiss at 5, ECF No. 34.

The Court first addresses Plaintiff's contention that she did indeed raise the seventh alleged non-promotion in her December 2011 administrative complaint.  "A vague or circumscribed EEOC charge will not satisfy the exhaustion requirement for claims it does not

---

[15] The seventh alleged non-promotion was for a 2011 Towson, Maryland Regional Manager Position (MP-037-410167).  *See* Compl. ¶ 30.

fairly embrace." *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997).  To

allow plaintiffs to proceed to federal court after having raised claims in only a cursory manner

would undermine "the EEOC's investigatory and conciliatory" purpose.  *Id.* (quoting

*Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989)).  "Naturally every

detail of the eventual complaint need not be presaged in the EEOC filing, but the substance of

[the claim] . . . must fall within the scope of 'the administrative investigation that can reasonably

be expected to follow the charge of discrimination.'"  *Id.* (quoting *Park v. Howard Univ.*, 71

F.3d 904, 907 (D.C. Cir. 1995)).  A plaintiff cannot permute "mere[] background information" in

an EEOC complaint into a separately actionable legal claim.  *See Lyles v. District of Columbia*,

777 F. Supp. 2d 128, 137 (D.D.C. 2011) (dismissing a mental-illness related claim as not

reasonably related to the plaintiff's EEO charge because "the EEO charge focuses solely on [a

physical injury], making any discussion of mental illness merely 'background' information to the

physical injury claim").

Plaintiff's mention of the seventh non-promotion in her December 2011 EEO complaint

is the type of vague reference that her administrative complaint did not "fairly embrace."

Despite the opportunity to specifically raise the non-promotion as a separate claim, she did not

do so.  *See* December 2011 Administrative Compl. at 21–23.  After listing five different claims

for discrimination and retaliation, Ms. Vasser simply mentioned this alleged discrimination "as

evidence to support [her] current claims."  *See id.* at 24.  To treat such background "evidence" as

a fairly-raised EEO claim would undermine the purpose of the EEO process in resolving such

disputes; Ms. Vasser specifically sought redress for five claims, none of which were the seventh

alleged non-promotion in the Second Amended Complaint.  The Court will not allow Ms. Vasser

to permute this background evidence into another claim for judicial relief.

As for Ms. Vasser's argument that the position has not yet been filled, her own grounds for recovery undermine her claim for exemption from the administrative process. On the one hand, Ms. Vasser claims that she was discriminated against by not being promoted to the position. *See* Compl. ¶ 30. She bases her claim on the inference that because the position has not been filled for so long, she has been discriminated against in such a way as to thwart her ability to seek redress. *See* Pl.'s Opp'n to Mot. Dismiss at 18. On the other, she claims that she need not seek administrative redress because no personnel action has yet taken place. *See id.* This reasoning perches Ms. Vasser upon the horns of a dilemma. If the personnel action or other cognizable act of discrimination has taken place, allowing her to maintain this action, she was required to exhaust her administrative remedies. But if the discriminatory act has not taken place, she has no claim to maintain at all. Although her arguments that the hiring decision has been delayed to thwart her recovery might justify equitable tolling in a later action, they do not justify the complete suspension of the administrative exhaustion requirement.

Accordingly, the Court dismisses the portions of Plaintiff's Second Amended Complaint that seek redress for the seventh alleged failure to promote occurring in late 2010 to early 2011.

### c. "Paragraph 60"

The VA argues that "it is unclear whether Plaintiff's Second Amended Complaint is now alleging additional discrete acts of discrimination and/or hostile work environment 'since the filing of her civil action,'" citing Plaintiff's Second Amended Complaint. *See* Mot. Dismiss at 12. "To the extent that Plaintiff is seeking redress for these brand new claims," Defendant argues, "Plaintiff has not exhausted administrative remedies as to those claim[s] because there is no evidence of Plaintiff contacting an EEO counselor on these claims to date." *Id.* Plaintiff does not contend that she contacted an EEO counselor, but responds that her supervisor's retaliation is

part of a broader hostile work environment claim encompassing many acts. *See* Pl.'s Opp'n to Mot. Dismiss at 20. Notably, all of the allegedly retaliatory acts in paragraph 60 were allegedly triggered by Ms. Vasser's statements—in this lawsuit—that her current supervisor is unqualified. *See* Compl. ¶ 60. Ms. Vasser cites to *Baird v. Gotbaum* for the proposition that the Court should not dismiss a hostile work environment claim simply "because it contains discrete acts that the plaintiff claims [(correctly or incorrectly)] are actionable on their own." *See* Pl.'s Opp'n to Mot. Dismiss at 20 (quoting *Baird v. Gotbaum*, 662 F.3d 1246, 1252 (D.C. Cir. 2011)) (alteration omitted in briefing). But the question here is not which acts are included in her hostile-work environment claim; rather, it is whether she exhausted a hostile work environment claim at all.

As her "most important" response to Defendant, Ms. Vasser also argues that her new claims are reasonably related to her previous claims and therefore need not be administratively exhausted. *See* Pl.'s Opp'n to Mot. Dismiss at 20. As noted above, a "Title VII lawsuit following an EEOC charge is limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Leach v. Nat'l R.R. Passenger Corp.*, 128 F. Supp. 3d 146, 152–53 (D.D.C. 2015) (alteration omitted) (quoting *Craig v. District of Columbia*, 74 F. Supp. 3d 349, 362 (D.D.C. 2014)). "[T]he exhaustion requirement on a hostile work environment claim is less stringent than for stand-alone claims of discrimination and retaliation[:] a plaintiff need only have filed an EEOC complaint alleging some of the claims that comprise the hostile work environment claim." *Id.* at 153. However, a hostile work environment claim must still be exhausted. *See id.* at 152. One cannot exhaust a claim for hostile work environment merely by exhausting some underlying facts that happen to constitute separately-cognizable claims. *See Park*, 71 F.3d at 907 (finding a hostile work environment

claim unexhausted because "[a]lthough [the plaintiff] filed an administrative charge, it did not express or even hint at a . . . hostile work environment claim").

Ms. Vasser concedes that her new claim for a hostile work environment in paragraph 60 was not asserted in any prior administrative complaint.  *See* Pl.'s Opp'n to Mot. Dismiss at 20 (arguing that her claim "need not be subjected to exhaustion" because it is reasonably related to her other claims).  She also did not administratively raise any hostile work environment claim along with her other claims in this case of discrete non-selections.  *See generally* February 2010 Administrative Compl.; December 2011 Administrative Compl.  In fact, Ms. Vasser never alleged that she was subjected to a hostile work environment until after she filed this suit.  *See generally* Compl.  Her new hostile work environment claim is not reasonably related to her prior non-selection claims because it involves different facts, different applicable law, and her new claims would not arise from the administrative investigation that would have reasonably been expected to follow her prior claims of discrete non-selections.  *See Park*, 71 F.3d at 907–08.

Because Ms. Vasser has not exhausted any hostile work environment claim, she does not have a claim to which her contention in paragraph 60 could be "reasonably related" under *Park*.  Accordingly, the Court dismisses Ms. Vasser's new hostile work environment claim in paragraph 60 of the Second Amended Complaint for failure to exhaust.

### 2.  ADEA Claims and Retaliation Claims 1–6

The VA moves to dismiss Ms. Vasser's ADEA claims and retaliation claims for her first six alleged non-promotions on exhaustion grounds.  *See* Mot. Dismiss at 12–15.  Plaintiff "consents to [the] dismissal of her claims under the Age Discrimination Employment Act, as well as unlawful retaliation for positions 1[–]6."  Pl.'s Opp'n to Mot. Dismiss at 20 n.2.  Accordingly, the Court will dismiss Ms. Vasser's second and fourth counts (ADEA

discrimination and retaliation, respectively), *see* Compl. ¶¶ 64–66, 70–72, and her third count

(Title VII retaliation), *see* Compl. ¶¶ 67–69, for all claims occurring before Ms. Vasser engaged

in protected activity in November 2009.  *See* Pl.'s Opp'n to Mot. Dismiss at 7–8 (identifying the

sixth alleged non-promotion as occurring sometime between April and October 2009).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss is GRANTED.  An

order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  December 29, 2016                                      RUDOLPH CONTRERAS
                                                              United States District Judge