**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Vivian Vasser,**<br>**Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 14-CV-00185-RC** |
| **David Shulkin,**<br>**United States Department of Veterans Affairs,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SPOLIATION AND SANCTIONS**

Defendant respectfully opposes Plaintiff's Motion for Spoliation of Evidence and Sanctions (ECF No. 56).[1] In this Title VII case, Plaintiff alleges that Defendant discriminated and retaliated against her when the agency failed to select her to any of the ten promotions for which she applied. The Court, however, dismissed six of those non-selection claims because she failed to timely exhaust administrative remedies. *See Vasser v. McDonald*, -- F. Supp. 3d --, 2016 WL 7480263 (D.D.C. Dec. 29, 2016) (Contreras, J.). One of those dismissed claims was Plaintiff's non-selection under Vacancy No. 08-351. Plaintiff's current Motion alleges that Defendant failed to preserve and thus failed to provide documents relating to that vacancy announcement. At base, Plaintiff is seeking sanctions for a claim that was dismissed as untimely both at the administrative level and by this Court. As shown below, Plaintiff's Motion lacks merit.

[1] "Plaintiff's Motion for Spoliation of Evidence and Sanctions" is referred to as "Plaintiff's Motion" and cited as "Pl. Mot."

For instance, Plaintiff's Motion is gravely flawed by failing to identify what documents relating to Vacancy No. 08-351, if any, Defendant had the duty to preserve but it failed to do so. Furthermore, Plaintiff's Motion utterly fails to show how the allegedly missing evidence (if any had ever existed at all) would adversely affect the prosecution of her remaining four claims in this case.

**Background**

Defendant objects to Plaintiff's recitation of the alleged "Background" facts in her Motion as she failed to cite to any evidence in the record. Specifically, Plaintiff's Motion is rife with unsubstantiated statements. For instance, without citing to any evidence in the record, Plaintiff maintains that "Dr. Batres told at least one of his regional managers that he would never hire another African-American woman as a regional or deputy regional manager" (Pl. Mot. at 2); "Mr. Walker advised Ms. Vasser that he was going to recommend her selection [for Vacancy No. 08-351] and encouraged her to begin looking for a residence in Florida" (Pl. Mot. at 2); and "[o]n June 9, 2009, Mr. Walker told Ms. Vasser that Dr. Batres would never approve Ms. Vasser's promotion" (Pl. Mot. at 3). After months of discovery in this case, including over 9,000 pages of documents produced to Plaintiff and three depositions of agency officials, Plaintiff fails to provide a single piece of competent or admissible evidence to support these statements, which Plaintiff couches as "Background" facts for her Motion.

Defendant refers the Court to its Memorandum Opinion on December 29, 2016, for background facts in this case. *See Vasser v. McDonald*, -- F. Supp. 3d --, 2016 WL 7480263 (D.D.C. Dec. 29, 2016) (Contreras, J.). Applicable here, in September 2008, Plaintiff applied for the Deputy Regional Manager position in Bay Pines, Florida, under Vacancy No. 08-351. *See* Gov. Exh. 1 (announcement for Vacancy No. 08-351); *see* Second Amended Complaint (SAC) ¶

18. According to Plaintiff's allegations in the SAC, Mr. John Walker (former Regional Manager in Bay Pines) wanted to hire her for that position but Dr. Alfonso Batres prevented that from occurring. *See* SAC ¶ 18. Vacancy No. 08-351 was cancelled in January 2009. *Id.*

A few months later, the same Deputy Regional Manager position was re-advertised under Vacancy No. 2009-196-AA. SAC ¶ 19. Plaintiff again applied for that position but Defendant selected Mr. Wayne Plummer (Caucasian male) for that position. *See* SAC ¶ 27-28. Plaintiff timely sought EEO counseling for this particular non-selection and her three other subsequent non-selections. *See Vasser*, 2016 WL 7480263, at *1-2 (identifying the non-selections remaining in this case as the sixth (Vacancy No. 2009-AA-196), eighth, ninth, and tenth non-selections, respectively). Thereafter, Plaintiff filed suit in federal court, alleging discrimination and retaliation. *See generally* SAC. As mentioned above, in December 2016, the Court dismissed six of Plaintiff's ten non-selection claims for failing to exhaust administrative remedies, including her non-selection under Vacancy No. 08-351. *Vasser*, 2016 WL 7480263, at *8 & n.13. Presently, Plaintiff's spoliation Motion claims that Defendant either recklessly or negligently destroyed documents relating to the now dismissed Vacancy No. 08-351 and sought certain sanctions against the agency. *See generally* Pl. Mot.[2] As shown below, Plaintiff's Motion finds no support in the law or facts.

**Standard of Review**

In *Clarke v. WMATA*, this Court explained that "[o]nce a party anticipates that it will be subject to litigation, the party has a duty to preserve any evidence that may be potentially relevant." , 904 F. Supp. 2d 11, 19-20 (D.D.C. 2012). "["A party that does not do so may be

[2] To be clear, Plaintiff is not challenging Defendant's discovery responses relating to her four remaining non-selections, including Vacancy No. 2009-AA-196 (Deputy Regional Manager position).

accused of spoliation—'the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation' —and be subject to sanctions." *Montgomery v. Risen*, 197 F. Supp. 3d 219, 245 (D.D.C. 2016) (J. Contreras) (quoting *D'Onofrio v. SFX Sports Grp., Inc.*, No. 06–687, 2010 WL 3324964, at *5 n. 5 (D.D.C. Aug. 24, 2010)). "A court may impose several possible sanctions for spoliation, including the assessment of fines or attorneys' fees and costs, the preclusion of certain lines of argument, an adverse inference instruction, or a default judgment and dismissal of a party's case." *Id*. at 246-47. However, the Court's authority must be exercised with restraint and discretion. *Id.* at 247.

This Court further observed that sanctions may be divided into two categories: (1) punitive or penal sanctions; and (2) issue-related sanctions. *Clarke*, 909 F. Supp. 2d at 20. The Court elaborated that punitive or penal sanctions include dismissals, default judgments, contempt orders, and impositions of fines. *Id.* On other hand, issue-related sanctions are designed to remedy the precise evidentiary issues, such as a party who fails to retain evidence may be precluded from introducing certain types of evidence, or the jury may draw an adverse inference from the missing evidence. *Id.* Here, Plaintiff does not appear to seek any punitive or penal sanctions. Rather, Plaintiff merely asks the Court to (i) preclude summary judgment; (ii) impose an adverse finding of facts; (iii) provide an adverse jury instruction; and (iv) award attorney's fees. See Pl. Mot. 12. Given that Plaintiff is not asking for default judgment or dismissals, Defendant construes Plaintiff's requested sanctions as a form of "issue-related sanctions."

Under the issue-related sanctions rubric, "[t]o obtain an adverse inference, the moving party must show that: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a

culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defense of the party that sought it." *See Clarke*, 904 F. Supp. 2d at 21; *Clemmons v. Academy for Educ. Devlop.*, 107 F. Supp. 3d 100, 132-33 (D.D.C. 2015) (Contreras, J.) (outlining the same three-part test for issue-related sanctions); *see also Mahaffey*, 898 F. Supp. 2d at 59 (outlining the same three factors). At base, Plaintiff, as the party seeking issue-related sanctions, must prove misconduct by preponderance of the evidence to warrant sanctions. *Clarke*, 904 F. Supp. 2d at 21. As shown below, Plaintiff fails to meet all three factors to merit sanctions against Defendant in this case.

**Analysis**

**1.    Plaintiff fails to show that Defendant had control over Vacancy No. 08-351 documents when they were allegedly destroyed**.

Plaintiff seeks sanctions against Defendant for allegedly destroying documents relating to the cancelled and dismissed Vacancy No. 08-351. Pl. Mot. at 2-12. Plaintiff's Motion, however, lacks merit because she fails to identify what Vacancy No. 08-351 documents, if any, that Defendant had an obligation to preserve when the agency purportedly destroyed them. *See Clarke*, 904 F. Supp. 2d at 21 (noting that party seeking sanction must show that "the party having control over the evidence had an obligation to preserve when it was destroyed") (internal citation omitted).

Here, it is not disputed that Plaintiff has a copy of the announcement for Vacancy No. 08-351 (Gov. Exh. 1) and its cancellation notice dated January 9, 2009 (Pl. Exh. 1). If Plaintiff suggests that Defendant failed to preserve other Vacancy No. 08-351 documents (beyond these

two records), Plaintiff must at least identify what other documents that might have existed but were improperly destroyed. Plaintiff has not done so here.

Plaintiff's Motion vaguely argues that "Defendant breached its duty to preserve documents that are probative to the issues presented in this case." Pl. Mot. at 10. Plaintiff further argues that the destroyed "documents are relevant to Alfonso Batres' credibility and the real reasons for Ms. Vasser's non-selections to any of the Bay Pines management position from 2008 to 2011." Pl. Mot. at 10.[3] Plaintiff, however, fails to identify what Vacancy No. 08-351 documents that would be "probative" to the remaining claims in this case or "relevant to Alfonso Batres' credibility" on the remaining four non-selections in this case and how.

At best, Plaintiff's Motion appears to suggest that Dr. Batres played some role in Vacancy No. 08-351's cancellation, which led to her non-selection under that vacancy. Contrary to Plaintiff's insinuation, the evidence adduced in discovery shows otherwise. Specifically, Dr. Batres did not play any role in Vacancy No. 08-351's cancellation in January 2009 or in the subsequent selection of Wayne Plummer over Plaintiff for the Deputy Regional Manager position in August 2009. *See* John Walker Decl. ¶10-11.[4]

---

3 The remaining issues in this case involve Plaintiff's (i) 2009 non-selection for the Deputy Regional Manager position, where Mr. Wayne Plummer was selected; (ii) 2010 non-selection for the Regional Manager position, where the vacancy was unfilled; (iii) 2011 non-selection for the Regional Manager positon where it was left unfilled; and (iv) another 2011 non-selection for the Regional Manager position where Plaintiff was deemed ineligible to apply and Sarita Figueroa (a Hispanic female) was selected. *See Vasser*, 2016 WL 7480263, at *1-2 (identify the remaining non-selections as the sixth, eighth, ninth, and tenth non-selections, respectively).

4 Plaintiff noted that it was "significant[]" that the agency "has never proffered a sworn statement from John Walker" at any stages of this litigation. Pl. Mot. at n.1. Plaintiff has her wish. Attached to this Opposition is Mr. Walker's sworn statement, confirming that he had neither informally nor formally offered Ms. Vasser the Deputy Regional Manager position at any time. *See* Walker Decl. ¶ 8 15.

By the time Plaintiff filed this lawsuit in federal court in February 2014, it was approximately five years after the cancellation of Vacancy No. 08-351 in January 2009. Therefore, whatever documents relating to Vacancy No. 08-351 that might have existed were discarded in 2011 under the agency's record-keeping policies. *See* Seybold Depo. at 43:12-44:5 (confirming that under the agency's two-year retention policy the documents would have been discarded in 2011).[5] *See More v. Snow*, 480 F. Supp. 2d 257, 275 (D.D.C. 2007) (denying spoliation motion because the documents might have already been destroyed before defendant's counsel entered appearance in the case). Most importantly, Plaintiff has not identified what Vacancy No. 08-351 documents for which Defendant had the duty to preserve but improperly destroyed. In fact, contrary to Plaintiff's argument, she simply fails to show that any relevant Vacancy No. 08-351 documents were destroyed at all. Accordingly, Plaintiff fails to meet the first factor.

**2. Plaintiff has not shown that Defendant possessed a culpable state of mind**

As discussed above, Defendant disputes that it destroyed Vacancy No. 08-351 documents. Even if Defendant did, Plaintiff fails to show that the "destruction or loss was accompanied by a culpable state of mind." *Clarke*, 904 F. Supp. 2d at 21 (internal citation omitted). To find a culpable state of mind, this Court has observed that "the destruction need not be purposeful, and negligent spoliation suffices." *Mahaffey*, 808 F. Supp. 2d at 61. Here,

---

[5] According to Plaintiff, she "raised issues relating to these documents with the Court" during a status hearing on September 28, 106. Pl. Mot. at 7. Consistent with the Court's order, Defendant searched for documents relating to Vacancy No. 08-351 but could only locate the vacancy announcement itself. *See* Seybold Decl. ¶¶ 6-7 (Pl. Exh. 8). By the time of the Court's hearing in September 2016, it was more than seven years since the Vacancy No. 08-351's cancellation in January 2009, and whatever documents that might have existed were discarded after two years under Defendant's document retention schedule. *See* Seybold Decl. ¶¶ 6-9; *See* Seybold Depo. at 43:12-44:5 (confirming that documents would have been discarded under the agency's two-year retention policy).

Plaintiff has not presented evidence showing that Defendant destroyed Vacancy No. 08-351 documents (if they even existed) with the requisite culpable state of mind.

Plaintiff cites to *Gerlich v. U.S. Dep't of Justice,*[6] to suggest that the Defendant's duty to preserve documents relating to Vacancy No. 08-351 was reasonably foreseeable because of department investigation. Pl. Mot. at 10. Plaintiff maintains that Defendant was on notice at least in November 2010 about its duty to preserve documents relating to Vacancy No. 08-351 when Plaintiff sought discovery from the agency, but Defendant either reckless or negligently destroyed those documents. *Id*. 8-10.

*Gerlich* is inapposite and Plaintiff's argument lacks merit. *Gerlich* involved the Justice Department's improper hiring practices for its 2006 Honors Program. *Id.* During the hiring process agency officials made annotations on applications to indicate the applicants' political affiliations or views. Based on those annotations, some of the applicants were not hired into the 2006 Honors Program. Citing the Second Circuit's holding in *Kronisch v. United States*[7] with approval, the D.C. Circuit observed that a party's "duty may arise when a 'party has notice that the evidence is relevant to litigation—most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party *should have known* that the evidence may be relevant to future litigation.'" *Gerlich*, 711 F. 3d at 170 (quoting *Kronisch supra*) (italics provided)). The D.C. Circuit then found that "**[u]nrebutted evidence** demonstrates that Department officials in control of the printed, annotated applications **were on notice** that

---

6 711 F. 3d 161 (D.C. Cir. 2013).

7 150 F.3d 112, 126 (2d Cir. 1998).

Department investigation and future litigation concerning the 2006 Honors Program improprieties were reasonably foreseeable." *Id.* at 171 (emphasis added).

Unlike *Gerlich*, Plaintiff has not provided "unrebutted evidence" that Defendant's officials "were on notice" of any investigation surrounding Vacancy No. 08-351. In fact, Vacancy No. 08-351 was dismissed in June 2010 as an untimely filed claim. *See* June 3, 2010 Letter (ECF No. 21-5 at 5-8). Plaintiff appealed that dismissal but the Final Agency Decision affirmed the dismissal of Vacancy No. 08-351. *See* Dec. 12 2013 Final Agency Decision (ECF No. 21-4 at 12-26). Because it was dismissed at the agency level there was no separate investigation surrounding that vacancy. Winston Johnson Decl. ¶ 13. This Court has similarly dismissed Plaintiff's non-selection under Vacancy No. 08-351 as untimely filed. *See Vasser*, 2016 WL 7480263, at * 8 & n.13. Given that Vacancy No. 08-351 was rejected as untimely at every step and there was no separate investigation of that positon, Defendant was not on "notice" of any investigation surrounding Plaintiff's non-selection under Vacancy No. 08-351.

Moreover, Plaintiff has not shown that Defendant "should have known" that Vacancy No. 08-351 documents were relevant to her remaining claims in federal court. For example, at the administrative stage, while litigating her non-selection under Vacancy No. 2009-196-AA in August 2009 (i.e, "sixth" non-selection), Plaintiff sought discovery relating to Vacancy No. 08-351. *See* Pl. Ex. 3. Defendant timely objected to Plaintiff's discovery requests on Vacancy No. 08-351 as irrelevant and immaterial because claims surrounding that vacancy were dismissed as untimely. *See* Pl. Ex. 4, 5 (showing that Defendants objected to Plaintiff's discovery 4 days after they were propounded). Plaintiff, however, neither challenged Defendant's objections nor sought to compel production of Vacancy No. 08-351 documents at the administrative stage. *See* "Acknowledgement and Order" at 3 (providing complainants at agency level to move to compel

discovery) (Gov. Exh. 3). Because of Plaintiff's failure to pursue these documents in discovery at the administrative stage, it was not reasonably foreseeable that these documents were still relevant to Plaintiff's future litigation either at the agency level or in federal court. As mentioned above, by the time Plaintiff filed suit in federal court in February 2014, it was more than five years after the cancellation of Vacancy No. 08-351 in January 2009 and four years after the agency rejected Plaintiff's non-selection claim under that vacancy as untimely in February 2010. Thus, if any other documents existed, they were discarded under the agency's record retention policies. *See* Seybold Depo. at 43:12-44:5 (confirming that under the agency's two-year retention policy the documents would have been discarded in 2011); Seybold Decl. ¶¶ 6-9.[8] These facts do not show that Defendant was on "notice" to preserve Vacancy No. 08-351 documents (if any actually existed) but that it recklessly or negligently destroyed those documents.

The Court's holding in *Manhaffey* is instructive here. In that case, while staying at the Marriott, the plaintiff was thrown off his motorized scooter when an elevator malfunctioned, injuring plaintiff. *Manhaffey*, 898 F. Supp. 2d at 57. The plaintiff moved for sanctions because the hotel failed to produce certain investigative reports of the incident or similar documents. *Id.* at 60. The Court denied the motion, observing that plaintiff failed to demonstrate the requisite culpable state of mind. *Id.* Specifically, the Court found that the hotel was unable to locate any

[8] In federal court discovery, Plaintiff again sought documents relating to Vacancy No. 08-351 and Defendant objected to that request because claims relating to that vacancy were subject to Defendant's motion for partial dismissal. *See* Pl. Exh. 6. Plaintiff purportedly complained that Defendant's discovery responses were inadequate. Pl. Exh. 7. Defendant addressed Plaintiff's complaints by producing documents and supplementing its interrogatory responses. Gov. Exh. 2 (August 5, 2016 Letter). The Court subsequently granted Defendant's partial dispositive motion and dismissed claims relating to Vacancy No. 08-351 as untimely. *See Vasser, supra* at 8 & n.13. In any event, similar to the administrative level, Plaintiff failed to move to compel or took any other actions relating to Vacancy No. 08-351.

investigative documents or witnesses that created those documents. *Id.* The Court similarly found that the plaintiff had not identified any evidence that the investigative documents actually existed. *Id*. at 62. Based on those findings, the Court rejected the plaintiff's sanctions motion, concluding that "if no such evidence was created, it could not have been destroyed." *Manhaffey*, 898 F. Supp. 2d at 61 (J. Contreras) (citing *Rude v. Dancing Crab at Washington Harbour*, 245 F. R. D. 18, 23 (D.D.C.2007) (no sanctions imposed where plaintiff failed to show that videotape allegedly destroyed did, in fact, exist)).

As in *Manhaffey*, aside from the vacancy announcement itself and Vacancy No. 08-351's cancellation notice, Defendant was unable to locate any other documents for that vacancy. *See* Seybold Decl. ¶ 6-9. Similarly, Plaintiff here is unable to identify what Vacancy No. 08-351 documents existed at one time but were destroyed by Defendant. If **no** Vacancy No. 08-351 documents "relevant to Alfonso Batres' credibility" or any job offer to Plaintiff existed, those documents could not have been destroyed. Accordingly, Plaintiff fails to establish the "culpable statement of mind" factor.

**3. Plaintiff fails to show that allegedly spoliated documents would have supported any of her remaining four non-selections**.

Under the law, to justify sanctions against the agency, Plaintiff must show that whatever Vacancy No.08-351 documents that were destroyed somehow support her remaining claims. *See Clarke*, 904 F. Supp. at 21 (internal citation omitted). Indeed, "the burden is on [Plaintiff] to establish a reasonable possibility, based on concrete evidence **rather than a fertile imagination**, that access to the lost material would have produced evidence favorable to [her] cause." *Alvariza v. Home Depot*, 240 F.R.D. 586, 590 (D. Colo. 2007) (bold emphasis added); *see also Jordan F. Miller Corp. v. Mid–Continent Aircraft*, 1998 WL 68879 *6 (10th Cir. Feb. 20,

1998)(unpublished opinion)(observing that "[b]efore a sanction for destruction of the evidence is appropriate .... there must also be a finding that the destruction prejudiced the opposing party").

Here, as discussed above, Plaintiff fails to specify what Vacancy No. 08-351documents, if any, could support her remaining four non-selection claims. At best, Plaintiff offered the fantastical claims that Mr. Walker recommended her for or offered her the Deputy Regional Manager but Dr. Batres rejected the recommendation or revoked the offer. *See* SAC 18, *see also* Seybold EEO Decl. ¶ 2 (Questionnaire). However, such claims are simply not supported by the evidence in the record. Walker Decl. ¶¶ 8, 15. Ms. Rachel Seybold (an HR Specialist) verified that no evidence of an offer existed in the record. Seybold EEO Decl. ¶ 2.[9] Ms. Seybold confirmed this lack of evidence in her deposition. *See* Seybold Depo. at 53:24-54:2[10] Finally, Plaintiff herself admitted that she does not have any written record of any offer or recommendation from Mr. Walker. *See* Vasser Depo. at 63:14-64:22; 70:20-71:22; 82. Without identifying the missing documents or explaining how the allegedly missing evidence prejudices Plaintiff, she fails to meet the third factor. The Court, therefore, should summarily deny Plaintiff's spoliation motion.

**II.     Plaintiff's requested sanctions are untenable.**

---

[9]     To be clear, Ms. Seybold was asked to provide information about Vacancy No. 08-351 as part of an EEO's investigation of Ms. Vasser claim surrounding her non-selection under Vacancy No. 2009-196-AA (the so-called sixth non-selection). Plaintiff's non-selection under Vacancy No. 08-351 was never independently investigated because that claim was dismissed as untimely by the Office of Resolution Management. *See* Winston Johnson Decl. at ¶ 11-13; *see* June 3, 2010 Letter (dismissing Vacancy No. 08-351 as untimely filed).

[10]    The record is clear that Ms. Seybold did not see any evidence showing that any one offered Ms. Vasser the Deputy Regional Manager position. *See* Seybold Depo. at 53:24-54:2; Seybold EEO Decl. ¶ 2 (ECF No. 56-1 at 9-10).

Plaintiff's Motion asks that the Court preclude "summary judgment, impos[e] an adverse finding of fact, [provide an] adverse jury instruction and [award] attorney fees." Pl. Mot. at 12. Given the facts surrounding Vacancy No. 08-351, Plaintiff's requested sanctions are meritless. First, any issue relating to Vacancy No. 08-351 was dismissed because that claim was not administratively exhausted. Second, Plaintiff has not demonstrated by preponderance of the evidence that Defendant destroyed any relevant documents in this case. *See Clarke*, 904 F. Supp. 2d at 21 (observing that the party seeking sanctions bears an evidentiary burden and a party seeking issue-related sanction needs to put forth a preponderance of the evidence of misconduct). Therefore, any form of sanctions is unwarranted here.

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court denies Plaintiff's Motion.

June 12, 2017

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. BAR #415793
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By: ______//s______________
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2524
E-mail: John.Truong@usdoj.gov
Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Vivian Vasser,**<br>**Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 14-CV-00185-RC** |
| **David Shulkin,**<br>**United States Department of Veterans Affairs,** | ) | |
| **Defendant.** | ) | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Spoliation of Evidence and Sanctions (ECF No. 56), Defendant's Opposition thereto, and the entire record herein, it is this ______ day of _____, 2017,

**ORDERED** that Plaintiff's Motion for Spoliation of Evidence and Sanctions (ECF No. 56) be and is hereby **DENIED**.

**SO ORDERED**.

______________________________
United States District Judge